FILED

2012 JUL 20 AM 11: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______________________

JEFFREY MARGULIES (BAR NO. 126002)
jmargulies@fulbright.com
JOSEPH H. PARK (BAR NO. 175064)
jpark@fulbright.com
STEPHANIE STROUP (BAR NO. 235071)
sstroup@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendants
HYLAND'S, INC. and STANDARD
HOMEOPATHIC COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LISA ROEMMICH, on behalf of herself, all others similarly situated, and the general public,

Plaintiff,

v.

HYLAND'S, INC., a California Corporation; and STANDARD HOMEOPATHIC COMPANY, and DOES 1-100,

Defendants.

Case No. CV12-6256 -JAK (AJWx)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1453**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b), defendants Hyland's, Inc. ("Hyland's") and Standard Homeopathic Company ("SHC") (collectively, "Defendants"), hereby remove to this Court the California Superior Court action entitled *Lisa Roemmich, on behalf of herself, all others similarly situated, and the general public v. Hyland's, Inc., a California corporation; and Standard Homeopathic Company*, Los Angeles County Superior Court, Case No. BC487547.

## I. PROCEDURAL FACTS

1. On June 29, 2012, plaintiff Lisa Roemmich ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of Los Angeles (the "Superior Court"). Plaintiff has not yet served Defendants with the Complaint.

2. As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as Exhibit A are true and correct copies of the Complaint and the Civil Case Cover Sheet filed with the Superior Court. Attached hereto as Exhibit B is a true and correct copy of Defendants' Answer to the Complaint, which was filed with the Superior Court on July 19, 2012.

3. Also attached hereto, as Exhibits C, D, E, and F, respectively, are true and correct copies of Plaintiff's Petition for Coordination, Memorandum of Points and Authorities in Support of Petition for Coordination, Declaration of Ronald Marron in Support of Petition for Coordination, and Notice of Submission of Petition for Coordination. The Petition for Coordination and supporting documents were served on Defendants on July 6, 2012, in connection with a consolidated action pending in the Superior Court for the County of San Bernardino, *Acuna v.*

*Hyland's, Inc.*, *et al.*, San Bernardino County Superior Court, Case No. CIVDS 1110816, which Plaintiff includes in her Petition for Coordination.

4. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is being filed within thirty days after service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based; as the Complaint has not yet been served upon Defendants, the thirty day period has not yet begun to accrue.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Superior Court in which the action is currently pending. Defendants are also serving upon Plaintiff a Notice to Adverse Party of Removal to Federal Court, together with a copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 84(c), the United States District Court for the Central District of California embraces the Superior Court of the State of California, County of Los Angeles, where the action is currently pending. This Court is a proper venue for the action.

7. Defendants are the sole defendants named in the Complaint. Pursuant to 28 U.S.C. § 1453(b), no other defendants are required to consent to this Notice of Removal.

## II. SUMMARY OF COMPLAINT AND BASES FOR FEDERAL JURISDICTION

### A. Summary of Complaint

8. Plaintiff alleges that she purchased Hyland's Cold 'n Cough 4 Kids (the "Product") for her child. (Complaint, ¶ 20.) Plaintiff claims that she relied on representations Defendants made on the Product's label in purchasing the Product. (Complaint, ¶ 23.) Plaintiff claims that the Product did not work as advertised and that the Product "is nothing more than an aqueous solution of inert ingredients with miniscule amounts of the claimed active ingredients. (Complaint, ¶¶ 24, 29.)

9. Plaintiff asserts claims against Defendants for: (a) violation of California's Consumer Legal Remedies Act ("CLRA"); (b) violation of the Unfair Competition Law ("UCL"); (c) violation of the False Advertising Law ("FAL"); breach of express warranty; (d) breach of implied warranty of merchantability; and (e) violation of the Missouri Merchandising Practices Act ("MPA") (Complaint, ¶¶ 48-93.)

10. Plaintiff brings the action as a putative class action, identifying the members of the potential national class as: "Any and all persons who purchased the Defendants' Product, Hyland's Cold 'n Cough 4 Kids, for personal or household use and not resale, in the United States, at any time from January 1, 2008 to the present (the 'Class Period'). Excluded from the class is any Defendant, any entity in which Defendants have a controlling interest, their employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, class counsel and their employees, and the judicial officers and their immediate family members and associated court staff assigned to this case." (Complaint, ¶ 39.) Plaintiff claims that the total number of putative class members "is at least in the thousands." (Complaint, ¶ 40.)

11. Plaintiff claims that she and the Class "have been damaged in the amount of the purchase price of the Product they purchased." (Complaint, ¶ 75.) She seeks the award of, *inter alia*, damages, declaratory and injunctive relief, attorneys' fees and costs, and punitive damages. (Complaint, at 17, Prayer for Relief, ¶¶ B-F.)

**B. This Action Satisfies The Requirements of Diversity Jurisdiction And Is Removable Pursuant To The Class Action Fairness Act Of 2005 ("CAFA")**

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-

controversy requirements applicable to class actions. The action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

13. The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) – "any member of a class of plaintiffs is a citizen of a state different from any defendant" – is satisfied in this case in that Plaintiff and Defendants are citizens of different states. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is also satisfied because the aggregate alleged claims of the individual members of the putative class, in the event the averments stated in the Complaint were correct (which Defendants deny), exceed the sum of $5,000,000, exclusive of interest and costs.

14. Based on the Complaint, Plaintiff is a citizen of the State of Missouri. (Complaint, ¶ 6.)

15. Defendant Hyland's was at the time of the filing of this action, and still is, a California corporation. (Complaint, ¶ 7; Declaration of Daniel M. Krombach ("Krombach Decl."), ¶ 2.) Defendant SHC was at the time of the filing of this action, and still is, a Nevada corporation. (Complaint, ¶ 8; Krombach Decl., ¶ 2.) Los Angeles County, California is the principal place of business for both Defendants. (Complaint, ¶¶ 7, 8; Krombach Decl., ¶ 2.)

16. California is the state in which Defendants' corporate headquarters are located and California is the state in which Defendants' officers direct, control and coordinate Defendants' activities. (Krombach Decl., ¶ 2.) Thus, the State of California is and was at all relevant times Defendants' principal place of business.

17. Defendants unequivocally deny the allegations in the Complaint, deny that they are liable for the claims asserted by Plaintiff, and deny that Plaintiff or the putative class is entitled to any of the relief sought in the Complaint. That notwithstanding, if Plaintiff were to succeed in proving her claims on behalf of the putative class and obtained recovery of "the purchase price of the Product they purchased" during the proposed class period – from January 1, 2008 to the present

(the "Class Period") – that amount would be in excess of $5 million. (Complaint, ¶ 75; Krombach Decl., ¶ 4.)

18. Since January 1, 2008, Hyland's has sold in excess of 1.5 million units of the Product in the United States. (Krombach Decl., ¶ 4.) Plaintiff alleges that the Product sells for between $6 and $10 per unit. (Complaint, ¶ 29.) Although the retail price for the Product varied from retailer to retailer during the period from January 1, 2008 to the present, the average retail price during the Class Period was more than $6.00 per unit. Since January 1, 2008, the lowest reported retail price for the Product has been $4.22. (Krombach Decl., ¶ 4.) Accordingly, using the 1.5 million unit sales figure and the $6.00 per unit price alleged in the Complaint, the potential damages sought by Plaintiff on behalf of the putative class would amount to $9 million. Using the $4.22 per unit reported retail price results in potential damages of $6.3 million. (Krombach Decl., ¶ 4.)

19. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because Plaintiff's claim on behalf of the putative class, based solely on the purported claim for damages – "the purchase price of the Product they purchased" during the Class Period (Complaint, ¶ 75), well exceeds the jurisdictional minimum of $5 million, exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

**C. This Case Does Not Fall Under Any Exceptions To Removal Of Class Actions Pursuant To 28 U.S.C. § 1453(d).**

20. The Complaint does not contain a claim concerning a covered security as defined under Section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) or Section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)).

21. The Complaint does not contain a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise, nor does it arise under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized.

22. The Complaint does not contain a claim that relates to the rights, duties (including fiduciary duties), or obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) or the regulations issued thereunder.

23. Thus, the exception set forth in 28 U.S.C. § 1453(d) does not apply.

WHEREFORE, Defendants hereby give notice that the above action pending in the Superior Court of the State of California for the County of Los Angeles is hereby removed in its entirety to this Court.

Dated: July 20, 2012

JEFFREY MARGULIES
JOSEPH H. PARK
STEPHANIE STROUP
**FULBRIGHT & JAWORSKI L.L.P.**

JOSEPH H. PARK
Attorneys for Defendants
HYLAND'S, INC. and STANDARD HOMEOPATHIC COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV12- 6256 JAK (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself [ ]) | DEFENDANTS |
|---|---|
| LISA ROEMMICH, on behalf of herself, all others similarly situated, and the general public | HYLAND'S, INC., a California Corporation; and STANDARD HOMEOPATHIC COMPANY |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Ronald A. Marron<br>Maggie Realin<br>Skye Resendes<br>**LAW OFFICES OF RONALD A. MARRON, APLC**<br>3636 4th Ave., Suite 202<br>San Diego, CA 92103 (619) 696-9006 | Attorneys (If Known)<br>Jeffrey Margulies<br>Joseph H. Park<br>Stephanie Stroup<br>**FULBRIGHT & JAWORSKI, L.L.P.**<br>555 S. Flower Street, 41st Floor<br>Los Angeles, CA 90071 (213) 892-9200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify):
- [ ] 6 Multi-District Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [X] Yes [ ] No [X] **MONEY DEMANDED IN COMPLAINT: $** Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441, 1453

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Info. Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus-Alien Detainee
- [ ] 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 American with Disabilities - Employment
- [ ] 446 American with Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-6256

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No [X] Yes

If yes, list case number(s): 12-cv-01983

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [X] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [X] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): Joseph H Park **Date** July 19, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |